UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>SANTOS GUTIERREZ-FOSELLA, *et al.*,<br><br>                Defendants. | CASE NO. CR22-0042-LK<br><br>ORDER GRANTING UNOPPOSED MOTIONS TO CONTINUE TRIAL DATE |

      This matter comes before the Court on motions seeking a continuance of the trial date and the pretrial motions deadline filed by all three Defendants, Santos Gutierrez-Fosella, Steven Lopez Ruiz, and Robert Andrew Johnny. Dkt. Nos. 45, 47, 49. Defendants request that the trial date be continued from June 6, 2022 to November 14, 2022. Mr. Ruiz and Mr. Johnny have waived their rights to a speedy trial under the Speedy Trial Act, 18 U.S.C. § 3161, through November 28, 2022. Dkt. Nos. 46, 48. Mr. Gutierrez-Fosella has waived his rights to a speedy trial under the Speedy Trial Act through November 30, 2022. Dkt. No. 50. The Government does not oppose the motions. Dkt. Nos. 45 at 2, 47 at 1, 49 at 1.

Based on the facts set forth in the motions and the record in this case, the Court finds that the ends of justice would best be served by granting the requested continuance. A continuance is necessary to ensure that the defense has adequate time to prepare effectively for trial. *See* 18 U.S.C. § 3161(h)(7)(A). The Court finds that these ends outweigh the best interests of the public and the defendant in a speedy trial. *See id.* The additional time requested is a reasonable period of delay, as defense counsel aver that they need additional time to review and analyze discovery, confer with their clients, conduct research, investigate potential defenses, and prepare for trial. Dkt. Nos. 45 at 3, 47 at 2, 49 at 2. In addition, Mr. Johnny contends that he may have a potential motion to suppress evidence, which will require time to investigate. Dkt. No. 47 at 2. A failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv). For these reasons, the failure to grant a continuance would also be likely to result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i).

For the foregoing reasons, the motions are GRANTED. Dkt. Nos. 45, 47, 49. The trial date shall be continued from June 6, 2022 to November 14, 2022. Pretrial motions must be filed no later than October 3, 2022. It is further ORDERED that, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), the period of delay from the current trial date of June 6, 2022 to the new trial date is EXCLUDED when computing the time within which the trial must commence under the Speedy Trial Act.

Dated this 10th day of May, 2022.

Lauren King
United States District Judge